ESTATE OF EDWARD T. BEDFORD, TITLE GUARANTEE AND TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90104. Promulgated May 25, 1939.

*Holt S. McKinney, Esq.,* for the petitioner.
*Loren P. Oakes, Esq.,* for the respondent.

OPINION.

MURDOCK: The Commissioner makes two arguments in support of his determination that the amount paid by the executors for the planting, replanting, and maintenance of the gardens was not deduct-

ible. He assumes, for the purpose of his first contention, that the payments were exclusively for charitable or educational purposes, but points out that the payments were to be made out of principal, if the income was insufficient, and reasons from that that the payments were annuities, citing *Burnet* v. *Whitehouse*, 283 U. S. 148. He then cites *Helvering* v. *Pardee*, 290 U. S. 365; *Estate of William H. Block*, 39 B. T. A. 338; *Bush* v. *Commissioner*, 89 Fed. (2d) 596; and *Congden* v. *Commissioner*, 99 Fed. (2d) 318, as authority for the proposition that distributions to beneficiaries are not deductible by an estate or trust unless they are taxable to the beneficiaries, and since an annuity is not taxable to a beneficiary, but is a tax-free bequest, distributions from income in payment of annuities are not deductible by trusts and estates.

Although the cited cases support the Commissioner's statement, nevertheless they are not in point here. The courts and the Board in those cases were considering deductions claimed under subsections (b) and (c) of section 162 of the acts beginning with the Revenue Act of 1928, and paragraphs (2) and (3) of section 219 (b) or their counterparts in the revenue acts prior to that of 1928. Section 162 (b) allows an estate or trust a deduction for "the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries", "but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not." (c) is similar. The opinions cited by the respondent point out that the scheme of Congress in allowing deductions under those particular provisions was to permit no income to escape taxation, unless definitely exempt. That is, the income was deductible by the estate or trust only if it was taxable to the beneficiaries. The opinions held that since an annuity was not taxable to the beneficiaries, it was not deductible by the estate or trust under either of the provisions mentioned. Neither the provisions of section 162 (a) of the Revenue Act of 1934, nor any of its predecessors, was considered in those opinions. The statements that the courts made in discussing the provisions of (b) or (c) or similar provisions of other acts are not at all applicable and it may not be assumed that they would have been made had the courts been considering provisions like that in (a). Section 162 (a) allows a deduction under entirely different circumstances from those described in (b) or (c). It does not make the allowance depend upon whether the amount is to be included in the income of the recipient. The Supreme Court, in discussing the deductibility under section 219 (b) (2) of the Revenue Act of 1924 of an amount distributable to an individual, said that the scheme of Congress was to prevent any of the income of the estate or trust from escaping tax "unless definitely exempted." *Helvering* v. *Pardee, supra.*

This is a case where the income is definitely exempted under the statute.

Section 162 (a) allows an estate or trust a deduction in lieu of that allowed individuals for charitable contributions as authorized by section 23 (o). It is obvious that the allowance of this deduction is not conditioned upon the amount being included in income by the recipient. Thus, it is entirely different in its purpose and effect from subsections (b) and (c) which follow. It allows a deduction of "any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, * * * is to be used exclusively for religious, charitable, scientific, literary or educational purposes." The cases of *Wellman* v. *Welch*, 21 Fed. Supp. 978, and *Estate of W. S. Tyler*, 9 B. T. A. 255, cited by the respondent are not in point. They hold correctly, of course, that, where a charity is entitled to receive a definite sum of money under a will as a bequest, the estate is not entitled to any deduction from income when it pays that definite sum of money in fulfillment of the bequest. There the wills did not provide that the payments were to be made from income. The decedent in this case did not give a definite sum of money to this charity as a bequest. The terms of the will creating the trust in this case provided that income of the estate up to $10,000 each year was to be used for the planting, replanting, and maintenance of the garden. Although the corpus of the estate could be used to make this payment in case income was not sufficient in any year, nevertheless it was sufficient in this year and $7,500 was actually paid from the gross income of the estate. That was gross income of the estate which pursuant to the terms of the will was to be used for the purposes mentioned. Therefore the facts bring this precisely within the provisions of section 162 (a) and the estate is allowed a deduction of $7,500 if the use described was exclusively charitable or educational in its purpose. Cf. *Old Colony Trust Co.* v. *Commissioner*, 301 U. S. 379.

The final argument of the respondent is that the $7,500 was not to be used "exclusively" for charitable or educational purposes under the terms of the will. He does not argue that the use of the money in planting, replanting, and maintaining the gardens was not for a charitable or educational purpose in so far as it was to benefit the public, but he argues that it resulted in other benefits and, therefore, was not exclusively for charitable or educational purposes. For example, he argues that the life tenant would benefit from the maintenance of the gardens and also that the resale value of the estate, whenever sale took place under the will, would be supported by the provision in question. The word "exclusively" does not serve to defeat a claimed deduction where the primary use is charitable even though some purely incidental use, which is not charitable, may inherently result. *Trinidad* v. *Sagrada Orden de Predicadores*, 263 U. S. 578; *Y. M. C. A. Re-*

*tirement Fund, Inc.*, 18 B. T. A. 139; *Proctor Patterson et al., Executors*, 34 B. T. A. 689; *Westinghouse's Estate*, 281 N. Y. S. 603.   The testimony shows that these gardens had been visited by a great many people every year, the public got a great deal of use and benefit out of the gardens, and the gardens suffered substantial wear and tear from the public use.   It also shows with reasonable certainty that the benefits to be derived, from the expenditure in question, by others than the public were merely incidental.   Such incidental enjoyment is immaterial for present purposes.

*Decision will be entered under Rule 50.*