## BEGGS v. UNITED STATES.
### No. 42509.

Court of Claims.
May 29, 1939.

602

Caesar L. Aiello and G. Bowdoin Craighill, both of Washington, D. C. (Frederic D. McKenney, and John S. Flannery, both of Washington, D. C., and George Wharton Pepper, of Philadelphia, Pa., on the brief), for plaintiff.

Guy Patten, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Section 403 (a) (3) of the Revenue Act of 1921, 42 Stat. 227, 279, in effect at the time of the decedent's death on May 29, 1924, provided that for the purpose of tax the value of the net estate should be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devises, or transfers for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or to a trustee or trustees exclusively for such purposes. The fourth item of decedent's will, the interpretation of which determines the question involved, was as follows: "I devise and direct that all the net proceeds from the sale of my estate as herein provided shall under the direction of my executor, with the advice of my said sister Ger-

trude Farmer, be divided and distributed and given to such charities and worthy objects, as they, my executor and my sister, shall determine, remembering, however, the City of Fort Worth, in Texas, the City of Vancouver in British Columbia, Parker County in Texas, and England, places to which I have become attached. It is my intention to write to my said sister, indicating to her any special friends, charities, and worthy objects I may wish my executor with her advice to provide for, but all such provisions shall come out of my own estate and not from the estate herein devised to her. I desire my executor to pay particular and careful attention to the advice of my said sister in the distribution of my estate, and to relieve her of all business worries pertaining thereto."

The ninth item of the will was the same as the fourth except that it authorized the executor, with the advice of decedent's sister, to give away any of his property in kind "to any charity or for any purpose they may consider worthy."

Counsel for defendant contend that no part of the residuary estate of the decedent was deductible from the gross estate for the reason that the amount bequeathed by decedent to charities was not definite and certain or definitely ascertainable at the time of his death, and that since the decedent in his will did not direct the payment of any amount out of income, or set up any trust, there is no authority for the deduction of amounts by the executor distributed to charities out of income. In other words, the defendant's contention with respect to the estate and income tax is that the provisions of the will are insufficient to show that the decedent intended that his residuary estate should go to charitable uses. We cannot agree. When the will is interpreted, as it must be in the light of the intention of the testator as expressed in the will and as gathered from surrounding facts and circumstances, we think the decedent intended and sufficiently disclosed that intention in the directions to his executor and his sister that his residuary estate was being left and should go to charity and that this intention was adequately expressed in the fourth item of the will in language sufficiently clear to comply with the provisions of section 403 (a) (3) of the statute and to justify and require the deduction of the value of such residuary estate from the gross estate in determining the net estate

subject to tax. The decedent made specific provision for his nephews, nieces, and sister, and no other specific bequest was made except that to charity and worthy objects in the fourth item of the will. It is stipulated and agreed that all the corpus of the residuary estate was distributed to tax-exempt charitable or educational institutions. We think it is clear that this distribution to charities from the corpus and income of the estate was made pursuant to the terms of the will. The gift by decedent to charities is quite specific and we think it is clear that he directed that all his net residuary estate should be distributed and given to them. It is not important that the will did not specifically name the charities to which the estate should go, or the amount to which each charity should be entitled.

The defendant seeks to justify its contention that there was no definite and certain bequest to charity by pointing to the use by the decedent of the words "worthy objects" and "special friends" in the fourth item of the will. But it is clear, we think, that these words were used by the decedent in connection with and in the same sense in which he directed that the net proceeds of his estate be divided and given to "charities." The correctness of this interpretation is established by the fact that the decedent prior to his death did write a letter to his sister in England in which he indicated only certain "charitable objects" for which he desired her and the executor to make provision. In these circumstances it seems clear enough that the gifts to charity were pursuant to the terms of the will and not the result of the discretion of the executor as contended by the defendant. The executor's discretion and authority are derived from the terms of the will and we do not find in the will involved any grant of discretionary authority to the executor to distribute any part of the net proceeds of the estate to other than charities. The executor and the decedent's sister, who were in a position best to know and who did know the intentions and purposes of the decedent, carried out his intentions and purposes by distributing the entire residuary estate to charitable and educational institutions. The provisions of the taxing statutes exempting from tax gifts and bequests to charity are begotten from motives of public policy and are not to be narrowly construed. Y. M. C. A. v. Davis, 264 U.S. 47, 44 S.Ct. 291, 68 L.Ed. 558; United States

v. Provident Trust Co., 291 U.S. 272, 285, 54 S.Ct. 389, 78 L.Ed. 793; Old Colony Trust Co. v. Commissioner of Internal Revenue, 301 U.S. 379, 57 S.Ct. 813, 81 L.Ed. 1169; Brown v. Commissioner of Internal Revenue, 3 Cir., 50 F.2d 842; St. Louis Union Trust Company v. Burnet, 8 Cir., 59 F.2d 922; Helvering v. Bliss, 293 U.S. 144, 55 S.Ct. 17, 79 L.Ed. 246, 95 A.L.R. 207. A gift for a charitable use, which is sufficiently definite and certain as to purpose, is not void for uncertainty as to beneficiaries, where the power to select the beneficiary is given expressly or impliedly to the trustee or to other persons. Speer v. Colbert, 200 U.S. 130, 26 S.Ct. 201, 50 L. Ed. 403; Mississippi Valley Trust Co. v. Commissioner, 8 Cir., 72 F.2d 197. Inasmuch as the estate here involved went to charity under the authority of and pursuant to the terms of the will and not as a result of the absolute discretion of the executor, the value thereof was deductible from the gross estate and the estate is entitled to recover the additional estate tax of $109,-577.74 assessed and collected by the defendant.

In view of the foregoing conclusion that the value of the residuary estate was deductible from the gross estate as a bequest to charity, the estate was entitled to a deduction from gross income for the years 1927 to 1931, inclusive, of the income therefrom which, likewise, was distributed under the terms of the will to charities. Although the fourth item of the will did not specifically mention income from the residuary estate during administration and distribution, this was not necessary to the right of the executor under section 219 (b) (1) of the Revenue Act of 1926, 44 Stat. 32, to deduct such income for income tax purposes. Section 219 (b) (1) is as follows: "There shall be allowed as a deduction (in lieu of the deduction authorized by paragraph (10) of subdivision (a) of section 214) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (10) of subdivision (a) of section 214, or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance or operation of a public cemetery not operated for profit. * * *"

The income derived by the executor during administration became a part of the corpus of the residuary estate, the net proceeds of which we have held were by the will bequeathed to charity and so distributed. As such income was received it was by the terms of the will permanently set aside and destined for charitable uses. Such income was clearly deductible. In Appeal of Slocum et al., 6 B.T.A. 36, the United States Board of Tax Appeals held: "We think it was the intent and purpose of Congress that income of an estate which, in following out the provision of a will, could be shown to be certainly destined for uses specified in paragraph (11) of subdivision (a) [charitable uses, etc.] of section 214 should be allowed as a deduction in computing the net income of the estate, * * *."

This decision was affirmed in Slocum et al. v. Bowers, D.C., 15 F.2d 400, 403, in which the court said that "The statute should be read, if possible, in such a way as to carry out this policy and not to make the result turn on accidental circumstances or legal technicalities." Affirmed 2 Cir., 20 F.2d 350. See, also, Estate of Hepburn v. Commissioner, 8 B.T.A. 833.

It is stipulated that if, as a matter of law, plaintiff is entitled to recover, the overpayments of income tax and interest are $1,175.32 for 1927, $2,078.98 for 1928, $5,604.47 for 1929, $6,741.57 for 1930, and $3,574.89 for 1931, totaling $19,175.23. Judgment will therefore be entered in favor of the executor for $128,752.97 with interest as provided by law. It is so ordered.