**ARTHUR JORDAN FOUNDATION**
**v.**
**COMMISSIONER OF INTERNAL REVENUE.**
Nos. 10992, 10993.

United States Court of Appeals Seventh Circuit.
March 4, 1954.

John E. Hughes, John W. Hughes, Chicago, Ill., Emsley W. Johnson, Jr., Indianapolis, Ind., Harold R. Burnstein, Chicago, Ill., for Arthur Jordan Foundation.

H. Brian Holland, Asst. Atty. Gen., I. Henry Kutz, Asst. to Atty. Gen., Ellis N. Slack, Melva M. Graney, Sp. Assts. to Atty. Gen., U. S. Department of Justice, Washington, D. C., for Commissioner of Internal Revenue.

Before MAJOR, Chief Judge, and DUFFY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

These petitions are for review of a decision of the Tax Court finding a deficiency in the income tax of the Arthur Jordan Foundation for the fiscal year ending June 30, 1948.

The Arthur Jordan Foundation is a perpetual trust established by an irrevocable trust agreement entered into in 1928 between Arthur Jordan, the donor, and certain named trustees. The particular objects for which the trust was formed are stated in the agreement to be as follows:

"a. To receive, take and hold, invest and reinvest any gift, devise, bequest, or other voluntary contribution of moneys or of any real estate or personal property, including the property in this instrument described as well as any and all property hereafter conveyed to the trust by the Donor or by any other person or persons, either absolutely or in trust, for the purpose of creating, establishing and maintaining a fund or funds and applying the principal and income thereof to the purposes hereinafter mentioned.

"b. To apply the entire earnings and profits thereof solely to charitable, educational, religious, literary, scientific purposes and social advancement, including music and the arts, in order to promote the wellbeing of mankind throughout the world, and particularly in the United States."

The trust instrument further provided that until such time as the net assets of the Foundation total $5,000,000, at least one-tenth but not more than one-half of the net earnings each year should be accumulated and added to the investment fund, and that the remainder of the net annual earnings should be distributed in accordance with the stated beneficent purposes of the Foundation. After the net assets amount to $5,000,000 the entire net annual earnings shall then be applied and distributed solely for such purposes, "and as nearly as may be within the calendar year in which it is accrued," this application and distribution to be subject only to a provision for replenishing the investment funds of the Foundation out of earnings in case of any loss that takes from those funds.

Upon the establishment of the Foundation, Jordan transferred to it assets consisting of several parcels of real estate and capital stock of various corporations including the majority of the shares of the Arthur Jordan Piano Company and of the Homer L. Kitt Company, which companies owned and operated two music stores in Washington, D. C. The trustees were given broad powers to manage and control the affairs of the Foundation, to acquire, convey and encumber property, to execute contracts and security transactions, and generally to perform all acts necessary to effectuate the stated purposes of the trust. They were also given exclusive authority "to select and determine the particular charities, institutions and objects which shall receive aid, donations or regular appropriations from the Foundation and the amount to be given to each * * *."

In 1943 the Foundation purchased all of the stock which it did not already own in the two companies owning the music stores in Washington, D. C., transferred to itself all of the assets of both corpo-

rations and then liquidated the corporations. Since that time the Foundation has owned and operated these two stores, which sell musical instruments and related merchandise. For the fiscal year ending June 30, 1948, the taxable year here involved, the income from these stores constituted a substantial portion of the Foundation's total earnings. The Commissioner of Internal Revenue had ruled, shortly after the Foundation was established, that it was a trust within the meaning of Section 162(a) of the Revenue Act of 1928, and that accordingly it was entitled to the deductions there provided for. However, in view of the Foundation's active management of its piano and music stores, the Commissioner in 1948 ruled that the Foundation had become an association taxable as a corporation for federal income tax purposes, and, further, that it was not exempt from taxation under Section 101(6) of the Internal Revenue Code, 26 U.S.C.A. § 101(6).

During the taxable year here involved, the net assets of the Foundation were considerably less than $5,000,000. Therefore, as required by the terms of the trust instrument, only a part of the net earnings was actually distributed and the remainder was added to its investment funds. In its tax return the Foundation sought to deduct the total of its net earnings, shown in the return to be $207,339.78, under Section 162(a) of the Code. The Commissioner determined a deficiency in accordance with his ruling that the Foundation was taxable as a corporation. The Tax Court held that the Foundation was taxable not as a corporation but as a trust within the meaning of Section 162(a) and entitled to the deductions allowed by that provision. However, the Tax Court further held, relying on its opinion in Danz v. Commissioner, 18 T.C. 454, that the Foundation was entitled to deduct only those amounts actually expended for beneficient purposes, $117,728.75, and was, therefore, taxable on the balance of its earnings which it had retained for investment.

Section 162 of the Internal Revenue Code, 26 U.S.C.A. § 162, provides, in part:

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

"(a) There shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 23(o) ) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23(o), or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes * * *."

Section 23(o) authorizes a deduction for contributions made to or for the use of certain organizations of a character there designated, including a "corporation, trust, or community chest, fund, or foundation * * * organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *." Thus, deduction may be claimed by a trust under the first part of Section 162(a) for all funds paid or permanently set aside to or for the use of such organizations as are described in Section 23(o). These organizations are themselves exempt from tax. Or, under the latter part of Section 162(a), deduction may be claimed for funds "to be used exclusively" for charitable and related purposes, but the nature and character of the ultimate beneficiaries need not be as defined in Section 23(o). Under this provision the trust may itself engage in functional charitable activities and deduct for such expenditures. See Eagan v. Commissioner, 5 Cir., 43 F.2d 881, 71 A.L.R. 863 (estate tax); Whitehead v. Commissioner, 3 T.C. 40, affirmed, Commissioner of Internal Revenue v. Citizens & Southern Nat. Bank, 5 Cir., 147 F.2d 977; Robinson v. Com-

missioner, 1 T.C. 19 (estate tax); Bedford v. Commissioner, 39 B.T.A. 1039. Whether or not claimed deductions will be allowed must be determined by reference to the terms of the instrument creating the trust. The test is the purpose for which the funds are to be used and those purposes must be ascertained from the directions given by the settlor. Commissioner of Internal Revenue v. F. G. Bonfils Trust, 10 Cir., 115 F.2d 788; Leubuscher v. Commissioner, 2 Cir., 54 F.2d 998; Bowers v. Slocum, 2 Cir., 20 F.2d 350; Charles P. Moorman Home for Women v. United States, D.C., 42 F.2d 257.

■ The Commissioner suggests, first, that here the beneficial purposes for which the trust income was directed to be applied are not confined to those which are sanctioned by the Code. Specifically, it is said that the applications of funds to "social advancement, including music and the arts," is not a use for which the statute allows deduction. We think this argument is wholly without merit. As the court stated in Commissioner of Internal Revenue v. Upjohn's Estate, 6 Cir., 124 F.2d 73, 77, "We do not understand that to come within the statute its exact words must define the limits of a charitable trust * * *." In that case a direction that the trust funds were to be used, in part, for "civic" and "general and public welfare" purposes was held to be proper under the statute. The Tax Court in Peters v. Commissioner, 21 T.C. ——, held that a nonprofit organization dedicated solely to "social welfare" should be classified as a charitable organization within the meaning of Section 23(o) (2). It is obvious, we think, that the use of funds for social advancement, including music and the arts, would tend "to promote the well doing and well being of social man." Ould v. Washington Hospital for Foundlings, 95 U.S. 303, 311, 24 L.Ed. 450. See United States v. Proprietors of Social Law Library, 1 Cir., 102 F.2d 481; St. Louis Union Trust Co. v. Burnet, 8 Cir., 59 F.2d 922; Bok v. McCaughn, 3 Cir., 42 F.2d 616. We hold that the

stated beneficent purposes of this trust are contemplated by the statutory language.

■ A more difficult question in this case is whether deduction may be claimed for income which was not actually expended for the stated beneficent purposes of the trust, but which was accumulated and retained as part of the permanent investment fund. More specifically, the problem is whether such income, within the meaning of Section 162 (a), is either permanently set aside for the use of organizations as described in Section 23(o) or used exclusively for charitable and related purposes.

It has frequently been held that income of an estate or trust accumulated during the taxable year is deductible although it has not actually been given to a charitable organization or used directly for a charitable purpose. See, e. g., Lederer v. Stockton, 260 U.S. 3, 43 S.Ct. 5, 67 L.Ed. 99; Commissioner of Internal Revenue v. Upjohn's Estate, 6 Cir., 124 F.2d 73; Bowers v. Slocum, 2 Cir., 20 F.2d 350; Middleton v. United States, D.C., 99 F.Supp. 801; Beggs v. United States, 27 F.Supp. 599, 89 Ct.Cl. 39; Welch v. Commissioner, 9 B.T.A. 1370. It is true that in those cases the funds so accumulated were destined for actual distribution to the charitable beneficiaries. In this case, of course, the particular funds which are retained and added to the permanent investment fund will never be distributed to the objects of the settlor's bounty. Those funds will be used to produce additional income, part of which again, under the terms of the trust instrument, will be retained for investment. This will be continued until the net assets of the trust equal the sum stipulated by the settlor, and even thereafter earnings may be used to replace losses suffered by the permanent fund. Income so retained and invested is, naturally, subject to the hazards of investment.

However, we do not think it is controlling that the particular funds retained for investment may never be received directly by beneficiaries of the

trust, nor that, so invested, they may be subject to business loss. In this connection it is worthy of note that Section 812(d) of the Code, concerning the estate tax, allows as a deduction from the value of the gross estate the amount of all bequests to or for the use of a charitable or related organization or to a trustee to be used exclusively for charitable or related purposes. 26 U.S.C.A. § 812(d). The particular funds or assets comprising the bequest may be used for investment and thus never be distributed directly to the ultimate beneficiaries. See Eagan v. Commissioner, 5 Cir., 43 F. 2d 881; Lucas v. Mercantile Trust Co., 8 Cir., 43 F.2d 39. But if the ultimate beneficial application of the income is for approved purposes, the bequests so held for investment are, within the meaning of the statute, being used for those purposes. Accordingly, such bequests are deductible.

The principle which to us seems controlling in this case is the reasonable certainty that the beneficient purposes of the trust will be greatly served as the investment fund expands and reaches the goal fixed by the settlor. It may be expected that as the fund increases the income available for direct application to charitable or related purposes will increase accordingly. There can be no other reason, under the terms of the trust instrument, for adding to the fund. On the other hand, anything which retards the growth of the fund necessarily reduces the amount of the income available for direct charitable purposes. The purpose of investment is solely and exclusively to produce more income for those purposes. To subject to tax that part of the income which is retained as a part of the corpus would thus very materially impair the possibility of achieving those objectives.

It has long been a policy of Congress to encourage gifts for charitable purposes. Helvering v. Bliss, 293 U.S. 144, 55 S.Ct. 17, 79 L.Ed. 246; United States v. Provident Trust Co., 291 U.S. 272, 54 S.Ct. 389, 78 L.Ed. 793. As said in Old Colony Co. v. Commissioner, 301 U.S. 379, 384, 57 S.Ct. 813, 816, 81 L.Ed. 1169, "This language [of Sec. 162(a) ] should be construed with the view of carrying out the purpose of Congress—evidently the encouragement of donations by trust estates." We have concluded, therefore, that trust income here retained and invested was, within the meaning of Section 162(a), either permanently set aside for the use of organizations as described in Section 23(o) or used exclusively for charitable and related purposes. It follows that the claimed deduction should have been allowed. The fact that during the taxable year in question the trust was actively engaged in the conduct of a business for profit is not material in this case. In the Revenue Act of 1950 Congress disallowed as a deduction under Section 162 (a) income of a trust allocable to its Supplement U business income. 26 U.S.C.A. § 162(g) (1). But that provision was expressly made applicable only for computing deductions allowable to a trust for "any taxable year beginning after December 31, 1950".

In the view which we have taken of this case, we do not consider the question of tax exemption under Section 101(6), and, of course, we do not reach the question raised by the Commissioner's petition regarding the computation of the deficiency.

The decision of the Tax Court that there is a deficiency for the fiscal year ending June 30, 1948, is reversed.