**ARTHUR JORDAN FOUNDATION,**
Petitioner,

v.

**DISTRICT OF COLUMBIA,**
Respondent.

No. 12253.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 30, 1954.

Decided Jan. 27, 1955.

Petition for Rehearing Denied Feb. 18, 1955.

Mr. John E. Hughes, Washington, D. C., with whom Mr. Roy P. Franchino, Washington, D. C., was on the brief, for petitioner.

Mr. Henry E. Wixon, Asst. Corp. Counsel for the District of Columbia, with whom Mr. Vernon E. West, Corp. Counsel, and Mr. Chester H. Gray, Principal Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before EDGERTON, PRETTYMAN and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a petition to review a decision of the District of Columbia Tax Court

in a franchise tax case. Petitioner Foundation was created in 1928 by a trust agreement in which various common stocks and certain realty were transferred to trustees to hold and to apply the earnings to charitable, educational and similar purposes. During the taxable years here involved the trust owned real estate in Washington, where it conducted businesses directly and not as a stockholder, selling for profit musical merchandise. The principal place of business of the Foundation is Indianapolis.

For the years ended June 30, 1947, 1948, 1949 and 1950, the Assessor for the District of Columbia assessed franchise taxes[1] against it as a corporation. It appealed to the Tax Court upon three points, one of which is involved in the present petition to this court. Petitioner said it was not a corporation and was therefore not subject to the corporation franchise tax. The Tax Court held the Foundation not to be taxable as a corporation but to be taxable as an unincorporated business. It directed a recomputation of the franchise tax on that basis. This action of the Tax Court is the disputed point here. Petitioner says the Tax Court, having held it not taxable as a corporation, had no further power in the proceeding.

The statute involved is in seven Articles. Article I is an "Income and Franchise Tax Act".[2] This Article has sixteen Titles. Some of these Titles deal with various subjects common to both income and franchise taxes, such as exemptions, returns, purposes, assessment and collection, penalties, and appeals. Other Titles deal with specific taxes. The first section of Title X is headed "Purpose of Article" and provides in part:

"It is the purpose of this article to impose (1) an income tax upon the entire net income of every resident and every resident estate and trust, and (2) a franchise tax upon every corporation and unincorporated business for the privilege of carrying on or engaging in any trade or business within the District and of receiving such other income as is derived from sources within the District: * * *. The measure of the franchise tax shall be that portion of the net income of the corporation and unincorporated business as is fairly attributable to any trade or business carried on or engaged in within the District and such other net income as is derived from sources within the District; * * *."[3]

The controversy before us arises from the fact that the franchise tax on corporations and the franchise tax on unincorporated businesses are imposed by two separate Titles of this Article. Therefore, says petitioner, they are two different taxes and when one tax is appealed the Tax Court has no power to impose a different tax in lieu of the one appealed.

The two Titles involved are VII and VIII. Title VII provides a franchise tax upon corporations. Section 2 of that Title reads:

"For the privilege of carrying on or engaging in any trade or business within the District and of receiving income from sources within the District, there is hereby levied for each taxable year a tax at the rate of 5 per centum upon the taxable income of every corporation, whether domestic or foreign (except those expressly exempt under section 47–1554)."[4]

Title VIII provides the franchise tax upon unincorporated businesses. Section 3 of that Title reads:

"For the privilege of carrying on or engaging in any trade or business

1. D.C.Code § 47–1551 et seq. (1951), 61 Stat. 331 (1947), as amended.

2. Supra note 1.

3. D.C.Code § 47–1580 (1951), 61 Stat. 349 (1947).

4. D.C.Code § 47–1571a (1951), 61 Stat. 345 (1947).

within the District and of receiving income from sources within the District, there is hereby levied for each taxable year a tax at the rate of 5 per centum upon the taxable income of every unincorporated business, whether domestic or foreign (except those expressly exempt under section 47–1554)."[5]

The notice of the Assessor to the petitioner said: "It is further held that the Foundation is taxable as a corporation under the provisions of Title I, Sec. 1(r) [*sic*] of the Act."[6] This section, Section 4(r), is a definition of a corporation, and the term, by the definition, includes, *inter alia*, a trust "which is classed or should be classed as a corporation for purposes of Federal income taxation." In the federal Internal Revenue Code "The term 'corporation' includes associations".[7] The definition in the federal Code does not include trusts as such; they are not taxable under federal income tax law as corporations.[8] So far as the present controversy is concerned, the only trusts which are classed as corporations for federal income tax purposes are those which are associations. So the question as to petitioner Foundation was not whether it was incorporated but whether it was an association as distinguished from a trust as such. The Tax Court held that the Foundation was not taxable as a corporation, noting that the United States Tax Court had specifically so held for federal purposes.[9]

The District of Columbia Tax Court went on in its consideration to hold that the Foundation was an unincorporated business in relation to the two musical mercantile houses which the trustees conducted in the District of Columbia and that, therefore, the Foundation was subject to the franchise tax.[10] The court held that the franchise tax upon corporations and the franchise tax upon unincorporated businesses were precisely the same, a franchise tax for the privilege of doing business, and that the capacity—*i. e.*, whether as a corporation or as an unincorporated business—in which the petitioner was taxed was immaterial, except as to specific allowances in the statute.

As will have been noted, the language by which the taxes are imposed in Titles VII and VIII is identical, except that one applies to corporations and the other to unincorporated businesses. The two impositions are of precisely the same tax. Furthermore, in the case at bar, the entity to be taxed is the same whether it be treated as an association, *i. e.*, a corporation under the statutory definitions, or as an unincorporated business. We do not have here a case in which different taxable entities might be involved, as, for example, might be the case if an incorporated taxpayer appealed and the Tax Court sought to impose the same tax upon the stockholders as partners, or where an individual appealed and the court sought to impose the tax upon the

5. D.C.Code § 47–1574b (1951), 61 Stat. 346 (1947).

6. The Assessor obviously meant to refer to Sec. 4(r) of Title I, D.C.Code § 47–1551c(r) (1951), 61 Stat. 333 (1947), as there is no Section 1(r) in Title I.

7. Int.Rev.Code § 7701(a) (3) (1954), 68A Stat. 911 [26 U.S.C.A. § 3797(a) (3) prior to 1954 reenactment and revision].

8. See Int.Rev.Code § 641 et seq. (1954), 68A Stat. 215 [26 U.S.C.A. § 161 et seq. prior to 1954 reenactment and revision].

9. Arthur Jordan Foundation, Docket No. 31263, T.C., 1953. That decision was reversed on other grounds, Arthur Jordan Foundation v. Commissioner of Int. Rev., 7 Cir., 1954, 210 F.2d 885, but the ruling that the Foundation was taxable as a trust and not as a corporation was apparently undisturbed.

10. An unincorporated business is defined by the statute to include "any trade or business, conducted or engaged in by any * * * statutory or common-law trust, estate, * * * or by any other entity or fiduciary, other than a trade or business conducted or engaged in by any corporation; and include any trade or business which if conducted or engaged in by a corporation would be taxable under sections 47–1571 to 47–1571a." D.C.Code § 47–1574 (1951), 61 Stat. 345 (1947).

same person as a trustee. The Foundation as an entity was sought to be taxed by the Assessor as an association, not as incorporated, and the Tax Court approved the tax upon the same taxable entity, the Foundation, but as an unincorporated business.

The United States Board of Tax Appeals (now the United States Tax Court) had this problem before it in Guitar Trust Estate.[11] The Commissioner of Internal Revenue had proposed deficiencies in income taxes on the ground that Guitar was taxable as an association rather than as a trust. The Board reversed [12] and was affirmed on that point when the case went to the Fifth Circuit.[13] The Commissioner then proposed deficiencies based upon adjustments in the Guitar income, treating it as taxable as a trust. Guitar said the Commissioner had the burden of proof to show the amount of taxable income if he later claimed a tax from petitioner as a trust when he had originally claimed it on the theory that petitioner was an association taxable as a corporation. The Board, relying upon Crocker v. Malley,[14] held that the petitioner remained the same taxpayer whether taxed at rates applicable to associations or at rates applicable to trusts; in either event Guitar was a taxable entity, and the Act prescribed the method of computing net income and the rates to be applied, depending upon how it was classified. Accordingly it was held on this point that the taxpayer must prove the original computation of income incorrect if it wanted to claim a lower income as a trust. We think the same reasoning applies in the case at bar.

 We think the local Tax Court has authority to uphold an imposition of a correct tax, upon the right taxpayer, in the correct entity, where the only error found by that court is in the capacity in which the taxpayer is described. If we were to hold to the contrary, the practical effect would be to require the Assessor to send alternative notices to every taxable entity concerning whose taxable capacity he had doubt. No substantive benefit would be derived by anyone under that procedure.

Affirmed.

---

11. 1936, 34 B.T.A. 857.

12. Guitar Trust Estate, 1932, 25 B.T.A. 1213.

13. Commissioner of Int. Revenue v. Guitar Trust Estate, 1934, 72 F.2d 544.

14. 1919, 249 U.S. 223, 39 S.Ct. 270, 63 L. Ed. 573.