## OLD COLONY TRUST CO. *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 703.   Argued April 29, 30, 1937.—Decided May 17, 1937.

---

*Mr. Harold S. Davis* for petitioner.

*Mr. A. F. Prescott*, with whom *Solicitor General Reed, Assistant Attorney General Morris,* and *Messrs. Sewall Key, J. Louis Monarch,* and *F. E. Youngman* were on the brief, for respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Under trust deed of July 19, 1922, the Old Colony Trust Company came into possession of valuable income producing property from which to pay certain sums and satisfy specified annuities. The deed continues:

"13. I authorize my said trustees to pay to charities as hereinafter described such sums as in their judgment may be paid without jeopardizing the annuities herein provided for, whenever for a period of one year the trust fund held by them as then invested shall have yielded a net income equal to twice the amount of the annuities which they are then required to pay, and upon the death of the survivor of those persons, who under the terms of this instrument are to receive annual incomes under the trust hereby created, I direct my said trustees to distribute the rest and residue remaining in their hands among corporations and trustees organized, operating and holding exclusively for religious, charitable, scientific, literary or educational purposes, including the encouragement of art

and the prevention of cruelty to children or animals, the sum paid over by said trustees to such corporations or boards of trustees to be held by such corporations and boards of trustees in trust, and the income thereof to be expended for the general purposes for which such corporations and boards of trustees are organized, and I request that said funds be designated by each corporation or board of trustees as the Henry Clay Jackson Fund."

Each year after 1923 the estate's income was more than twice the amount necessary for the annuities. The trustee has kept separate principal and income accounts. From 1925 to 1933 all annuities were duly paid and considerable sums went to charities; none of these payments was charged to the principal account. Tax returns have been based upon actual receipts and disbursements.

January 1, 1931, the income account showed unexpended balance of $187,999.43. During that year the income received amounted to $164,339.39; the trustee expended and charged against income account $212,862.80, of which $190,000.00 went to charities. The 1931 tax return claimed deductions for charity payments up to the amount of the year's income. The Commissioner disallowed this because "it is not disclosed that payments were made out of income of the taxable year to the charities nor that any portion of the income was credited to any charity."

The Board of Tax Appeals held the trustee must affirmatively prove the payments in question were from income received during 1931; also, that except as to a small sum, it had not sustained the necessary burden of proof.

The Circuit Court of Appeals ruled that none of the contributions was deductible because not imperatively directed by the trust deed. It took the view that as the trustee exercised discretion as to payment they were not made "pursuant to the terms of the . . . deed creating the trust." Accordingly, it approved the Commissioner's assessment and remanded the cause to the Board.

382

The matter is here by certiorari. Annuity payments are not now in controversy. Two questions are presented and both must be answered in the negative.

I. Under § 162, Revenue Act, 1928, 45 Stat. 838, copied in the margin, is it necessary that the will or deed creating a trust definitely direct the charitable contributions which are claimed as deductions? [1]

Section 23n of the 1928 Act which authorizes certain deductions for charitable contributions by individuals does not confine them to payments actually made from income, but does limit their amount to 15% of the net received during the year.[2] In lieu of these deductions,

[1] Revenue Act, 1928, § 162, 45 Stat. 838.

"Sec. 162. *Net Income.*

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

"(a) There shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 23 (n)) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23 (n), or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance or operation of a public cemetery not operated for profit; . . . (b) and (c)."

[2] Revenue Act, 1928, § 23, 45 Stat. 799.

"Sec. 23. *Deductions from Gross Income.*

In computing net income there shall be allowed as deductions: . . . (a), (b), etc.

(n) Charitable and other contributions.—In the case of an individual, contributions or gifts made within the taxable year to or for the use of:

(1) the United States, any State, Territory, or any political subdivision thereof, or the District of Columbia, for exclusively public purposes;

(2) any corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable,

§ 162a permits trust estates to deduct charitable contributions to the full extent of gross income when made pursuant to the trust deed.

We are asked to hold that the words "pursuant to" mean directed or definitely enjoined. And this notwithstanding the admission that Congress intended to encourage charitable contributions by relieving them from taxation. *Lederer* v. *Stockton,* 260 U. S. 3; *United States* v. *Provident Trust Co.,* 291 U. S. 272, 285.

"Pursuant to" is defined as "acting or done in consequence or in prosecution (of anything); hence, agreeable; conformable; following; according." [3]

The words of the statute are plain and should be accorded their usual significance in the absence of some dominant reason to the contrary. We find nothing in the regulations or practice of the Treasury Department

---

scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual;

(3) the special fund for vocational rehabilitation authorized by section 7 of the Vocational Rehabilitation Act;

(4) posts or organizations of war veterans, or auxiliary units or societies of any such posts or organizations, if such posts, organizations, units, or societies are organized in the United States or any of its possessions, and if no part of their net earnings inures to the benefit of any private shareholder or individual; or

(5) a fraternal society, order, or association, operating under the lodge system, but only if such contributions or gifts are to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals;

to an amount which in all the above cases combined does not exceed 15 per centum of the taxpayer's net income as computed without the benefit of this subsection. Such contributions or gifts shall be allowable as deductions only if verified under rules and regulations prescribed by the Commissioner, with the approval of the Secretary. (For unlimited deduction if contributions and gifts exceed 90 per centum of the net income, see section 120.)"

[3] Webster's New International Dictionary, Unabridged, 2nd ed., 1935.

or in the general purpose of the statute which requires the narrow meaning advocated by respondent. Neither the Commissioner nor the Board of Tax Appeals accepted or mentioned with favor the interpretation which his counsel now advance; and this is hardly compatible with the theory of controlling rulings or practice by the Bureau.

The questioned donations were made by the petitioners in pursuance of the trust deed.

II. In order that they may be allowed as deductions is it necessary affirmatively to show that charitable contributions by a trust estate were actually paid out of income received during the year in which they· were made?

Section 23n limits deductible contributions to 15% of net income. Section 162a permits them to the full extent of gross income. This language should be construed . with the view of carrying out the purpose of Congress— evidently the encouragement of donations by trust estates. There are no words limiting these to something actually paid from the year's income. And so to interpret the Act could seriously interfere with the beneficent purpose. One creating a trust might be unwilling to bind it absolutely to pay something to charity but would authorize his trustee so to do after considering then existing circumstances.

Capital and income accounts in the conduct of the business of estates are well understood. Congress sought to encourage donations out of gross income, and we find no reason for saying that it intended to limit the exemption to sums which the trust could show were actually paid out of receipts during a particular tax year. The design was to forego some possible revenue in order to promote aid to charity. Here the trustee responded to an implied invitation and the estate ought not to be burdened in consequence.

The judgment of the court below must be reversed and the cause returned there for further proceedings in harmony with this opinion.

*Reversed.*