**WELLMAN v. WELCH, Collector of Internal Revenue.**

No. 6964.

District Court, D. Massachusetts.

Jan. 19, 1938.

Ralph E. Tibbetts and Bond, Tibbetts & Stacey, all of Boston, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to U. S. Atty., of Boston, Mass., for defendant.

McLELLAN, District Judge.

The plaintiff seeks to recover an alleged overpayment of income taxes for the year 1934. Statements of fact herein are to be taken as findings of fact, and conclusions of law as rulings of law.

The case was heard this afternoon on a stipulation of facts. The primary facts are as stipulated. The stipulation discloses, among other things not necessary here to be set forth in detail, the following:

Nellie P. Carter died on January 15, 1933, leaving a will designating the plaintiff, Arthur H. Wellman, as executor. The allowance of the will was contested in the Suffolk county probate court, and, pending litigation, the State Street Trust Company and Francis J. Carney were appointed and qualified as special administrators on the 13th of February, 1933. They continued to serve until July 24, 1934, when the litigation was concluded and the will was allowed. The assets were subsequently turned over by the special administrators to the executor, and the estate is still in the process of settlement.

The plaintiff, as executor, filed an income tax return for the year 1934, reporting the combined amounts of income received by the special administrators from January 1 to July 24, 1934, inclusive, and received by him as executor from July 25 to December 31, 1934, inclusive. In 1936, after an examination of the plaintiff's accounts by the Treasury Department, a deficiency tax for the year 1934 was assessed against the plaintiff in the sum of $18,478.09. This deficiency, to the extent of $12,438.43, resulted from the disallowance by the Treasury Department as a deduction from income of the sum of $19,750 which the plaintiff had deducted in the original return, claiming it to be deductible under section 162(a) of the Revenue Act of 1934, 26 U.S.C.A. § 162(a), and the disallowance of the sum of $1,868.76, which the plaintiff

said was income in the year 1934 permanently set aside or to be used for such purposes and in the manner provided in said section. The latter sum had not been deducted on the original return filed by the plaintiff for the year 1934. The plaintiff paid the additional assessment of $18,478.09 on June 12, 1936, and on July 17, 1936, paid interest on this assessment in the sum of $1,370.41. On or about the 24th of July, 1936, the plaintiff filed with the defendant a claim for refund of $13,360.91, consisting of $12,438.43 of principal tax and $922.48 interest. When this action was commenced, no notice had been received from the Commissioner of Internal Revenue of either rejection or allowance of the claim for refund, although more than six months had elapsed since it was filed with the Collector of Internal Revenue.

When the will was executed in 1931, the property purporting to be disposed of thereby was of a value sufficient to pay all pecuniary legacies with a substantial sum for residuary legatees, but at the time of the testatrix' death in January, 1933, the value of the estate was insufficient to pay the pecuniary legacies in full. The amount of the pecuniary legacies under the will, after the deduction of a lapsed legacy for $100,000, was $3,883,000, and of this sum, $395,000 was to charitable or other organizations of the character described in section 162(a) of the Revenue Act of 1934. The charitable bequests, totaling $395,000, amounted to 10.17 per cent. of the total of all pecuniary bequests. No such bequests have been paid in full, and the parties have stipulated that the estate's assets will not be sufficient so to pay them.

The executor distributed 5 per cent. of the total amount of pecuniary legacies for the year 1934, though some of these payments were not actually made until after the close of the year. On October 24, 1934, by way of this 5 per cent. distribution, the sum of $190,750 was disbursed by the executor, and at this time there was paid to the charitable corporations named as pecuniary legatees a total of $19,750.

To revert to October 1, 1934, because the stipulation does so, the estate had cash on hand amounting to $3,317.21, all of which was a balance of dividends or other income which had not been disbursed by the executor. On October 11, 1934, the executor sold securities in the sum of $195,716.90, which represented a gain over inventory value of $64,466.90. When, on October 24, 1934, the distribution to the pecuniary legatees occurred, the executor had on hand a total cash of $200,813.21, made up of $131,250, representing the inventory value of stocks sold on October 11; $64,466.90, representing the gain on such sales; and $5,096.31, representing the balance of dividends and other income which had not previously been expended by the executor.

The estate's gross taxable income, as determined by the Commissioner, for the calendar year 1934, amounted to $232,057.82, made up of interest, $537.50; dividends, $116,729.46; and capital gain on the sale of capital assets to the extent of 80 per cent. thereof, $114,790.86. The allowable deductions, exclusive of payments to charitable corporations, amounted to $19,484.01, leaving a net taxable income of $212,573.81.

The increment to the estate during the calendar year 1934 amounted to $260,755.53, including interest, $537.50; dividends, $116,729.46; and gain on the sale of capital assets to the extent of 100 per cent. thereof, $143,488.57. In addition to the charges against the above amounts allowable as tax deductions in the amount of $19,484.01, there was a further payment on account of federal income tax of $24,712.32, paid in part by the special administrators and in part by the executor. There was thus left of the foregoing increment to the estate, after all deductions therefrom, the sum of $216,559.20.

All receipts by the executor, whether realized from inventory values or gains on such values, or in the form of interest and dividends received, were indiscriminately treated as assets of the estate and applied to the payment of legacies.

The question presented for determination upon the facts found is whether the plaintiff is entitled to any deduction under the provisions of section 162(a) of the Revenue Act of 1934 because of any distributions or allocations made by the plaintiff as executor during that year to charitable organizations. Inasmuch as the whole of section 162, Revenue Act 1934, 26 U.S. C.A. § 162, may be of assistance in construing paragraph (a), it is set forth, as follows:

"§ 162. *Net Income*

"The net income of the estate or trust shall be computed in the same manner and

on the same basis as in the case of an individual, except that—

"(a) There shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 23(o) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23(o), or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance, or operation of a public cemetery not operated for profit;

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

"(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary."

Section 23(o) of the same act, 26 U.S.C.A. § 23(o) which is referred to in section 162(a), supra, follows:

"§ 23. *Deductions from gross income*

"In computing net income there shall be allowed as deductions: * * *

"(o) *Charitable and other contributions.* In the case of an individual, contributions or gifts made within the taxable year to or for the use of:

"(1) the United States, any State, Territory, or any political subdivision thereof, or the District of Columbia, for exclusively public purposes;

"(2) a corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation;

"(3) the special fund for vocational rehabilitation authorized by section 440 of Title 38;

"(4) posts or organizations of war veterans, or auxiliary units or societies of any such posts or organizations, if such posts, organizations, units, or societies are organized in the United States or any of its possessions, and if no part of their net earnings inures to the benefit of any private shareholder or individual; or

"(5) a fraternal society, order, or association, operating under the lodge system, but only if such contributions or gifts are to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals; to an amount which in all the above cases combined does not exceed 15 per centum of the taxpayer's net income as computed without the benefit of this subsection. Such contributions or gifts shall be allowable as deductions only if verified under rules and regulations prescribed by the Commissioner, with the approval of the Secretary. (For unlimited deduction if contributions and gifts exceed 90 per centum of the net income, see section 120.)"

The applicable statute, by its express terms, is in lieu of deductions for charitable contributions authorized by section 23(o) of the act. There is nothing here in the nature of a charitable contribution. The testatrix died before 1934, and after her death the executor, as such, had no right to make such contributions. But the particular section on which the plaintiff founds his claim provides that an estate "shall be allowed as a deduction * * any part of the gross income * * *

which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23(*o*)," etc.

Section 162(a) of the statute was not intended to permit a deduction by an estate of sums paid in satisfaction of legacies of the type here involved. It was designed to meet such a situation as existed in Old Colony Trust Company v. Commissioner, 301 U.S. 379, 57 S.Ct. 813, 815, 81 L.Ed. 1169, on which the plaintiff relies because of the language in which the opinion is couched. In that case the court, interpreting the words "pursuant to" in the statute as meaning "Acting or done in consequence or in prosecution (of anything); hence, agreeable; conformable; following; according," concluded, in substance, that the Old Colony Trust Company, as trustee, having paid certain income to charities, as by the terms of the trust deed it was authorized but not required to do, was entitled to a deduction from its gross income. Neither the actual decision in the Old Colony Case that payments are "pursuant to" a deed of trust when authorized though not directed therein and such payments to charities are deductible though not made out of income of the year in which they are made, nor the court's language leading to this result, meets the instant case.

So, too, the statutory provision here considered is said to have been designed to meet such a situation as was presented in Bowers, Collector, v. Slocum, 2 Cir., 20 F.2d 350, 352, cited by the plaintiff. In that case the residuary legatees were charities. They received what was left of income and principal because the will naming them residuary legatees in legal effect so provided. It was decided that the statute applied to estates in process of settlement, and that under the circumstances the estate was entitled to a deduction of payments made to charities because "the income received by the estate [was] * * * permanently set aside for the residuary legatees *by the will itself*." (Italics added.) This case does not seem to me to apply to the facts of the instant case.

In the case at bar the charities, as legatees, received a sum of money in accordance with the will. Unless payments of bequests to charities are deductible from gross income, the payments here involved are not deductible. The fact that the money was paid to the charities under the particular circumstances here appearing does not matter. It is the will that counts and, as heretofore stated, all that the will does is entitle the charities to receive a definite sum of money as a bequest.

If material, it may be noted also that in this commonwealth, nonresiduary pecuniary legatees are not entitled to income received or gains accruing from the sale of the property of the estate. They are, under some circumstances, entitled to interest on their legacies after the expiration of a year, but under the circumstances here presented by the contest of the will, I do not understand that the legatees would have been entitled even to interest, though the estate were sufficient to pay it. Moreover, the will itself provides that no "legacy shall draw or bear interest except from or after the expiration of three years" after the testatrix' decease, and she died January 15, 1933.

I do not discuss further the fact that under Massachusetts law the income here received during the year 1934 became, in effect, capital, or the fact that "all receipts by the executor, whether realized from inventory values or gains on such values, or in the form of interest and dividends, were indiscriminately treated as assets of the estate and applied to the payment of legacies," because, as heretofore stated, I regard the will, and not what the executor did, as the important thing.

I do not regard what was here done as a payment or setting aside of a portion of the estate's gross income "pursuant to the terms of the will" for the purposes there specified within the meaning of section 162(a) of the Revenue Act of 1934, considered in the light of the whole of section 162 and the rest of the act. The conclusion is that the plaintiff is not entitled to the deductions claimed, and that upon all the facts the action cannot be maintained.

I find and rule as requested in substance by the defendant: (1) That the plaintiff is not entitled to the deduction claimed; (2) that all distributions were from the corpus or assets of the estate; (3) that they constituted payments of bequests under the will of the testatrix out of the corpus of the estate and not out of income; (4) that the determination of the Commissioner of Internal Revenue here attacked is correct; and (5) that judgment should be entered for the defendant.

To the allowance of these requests the plaintiff's exception is saved.

. As to the plaintiff's requests for rulings of law, the first, to the effect that the words "pursuant to the terms of the will," as used in section 162(a) of the act, do not mean "specifically directed" or "definitely enjoined," but mean what the court said they do in Old Colony Trust Company v. Commissioner, supra, is granted, as is his second request, that income received by the plaintiff executor was assets of the estate and, like all other assets in his hands, was held by him subject to the terms of the will. I grant, also, the plaintiff's third, fourth, fifth, and sixth requests for rulings in so far as they are consistent with what has been said, and in so far, if at all, as they are inconsistent, they are denied and the plaintiff's exception noted. The plaintiff's seventh request, stating that the defendant erred in not allowing the claimed deduction, and his eighth request, stating that the defendant is indebted to the plaintiff in a certain sum, are each denied, and in each instance the plaintiff's exception is saved.

The plaintiff's motion for judgment is denied, subject to his exception, and the defendant's motion for judgment is granted, subject to the plaintiff's exception.[1]

Let judgment be entered for the defendant.

---

[1] The foregoing exceptions were duly taken at the trial.