Marion C. Tyler Trust, Proctor Patterson, Earl P. Disbro, and John B. Dempsey, Trustees, Petitioners, *v*. Commissioner of Internal Revenue, Respondent.

Docket No. 6640.   Promulgated September 14, 1945.

*Paul L. Holden, Esq.*, and *Mark A. Loofbourrow, Esq.*, for the petitioners.

*W. W. Kerr, Esq.*, for the respondent.

### OPINION.

Smith, *Judge*:  This proceeding is for the redetermination of a deficiency in income tax for the calendar year 1941 of $76.03.  The petition alleges that the Commissioner erred in his determination of the deficiency by failing "to allow as a deduction from the gross income of the estate the sum of $160,848.64 actually paid in cash pursuant to the terms of Decedent's will to a charitable and an educational institution, and has allowed instead only $111,684.67 out of the total payments to such institutions as deductions in computing the net income of the trust."

The facts are found as stipulated.

The petitioners are residents of Cleveland, Ohio, and trustees under the will of Marion C. Tyler, who died testate, a resident of Cleveland, on February 20, 1934.  As such trustees they filed a fiduciary income tax return on Form 1041 for the calendar year 1941 with the collector of internal revenue for the eighteenth district of Ohio, at Cleveland. This return showed gross income of $138,631.60 and deductions therefrom $199,212.09, or an excess of deductions over income of $60,580.49.

Item XIII of the will of Marion C. Tyler provides in part as follows:

Item XIII.  All of my estate, after it shall have been settled by my Executors, whether all of the foregoing bequests shall have been paid or not, shall, whenever my Executors so decide, be turned over and held by my Trustees and their successors as a memorial trust fund for my Father, James F. Clark, my Mother, Eliza A. Clark, my husband, Washington S. Tyler, and myself, and the net income therefrom shall be paid annually or semi-annually—seventy-five per cent (75%) to Lakeside Hospital, of Cleveland, Ohio, and twenty-five per cent (25%) to Western Reserve University, of Cleveland, Ohio.

730

This provision of the will was construed by the Court of Appeals of Cuyahoga County, Ohio, in Case 18185 as follows:

5. Item XIII of said Last Will and Testament disposes of all the net income received at any time by the Trustees from the memorial trust fund held by them, said income to be payable annually or semi-annually 75% thereof to University Hospitals and 25% thereof to Western Reserve University.

The Supreme Court of Ohio refused to certify the record of the Court of Appeals, so that the entry referred to above states the law of the case.

Upon the termination of the trust the corpus was to be distributed to the same institutions.

The gross income of the trust for the year 1941, as that term is defined in section 22 (a) of the Internal Revenue Code, amounted to $165,969.10. Included in this total is $27,337.50 of income exempt from Federal income tax and $860.25 representing capital gains to the trust.

During the calendar year 1941 petitioners, pursuant to item XIII of decedent's will, paid to Western Reserve University of Cleveland, Ohio, the sum of $40,212.16 and paid to University Hospitals of Cleveland, Ohio, the sum of $120,636.48.

University Hospitals and Western Reserve University are respectively charitable and educational institutions within the meaning of section 23 (o) and section 162 (a) of the Internal Revenue Code, as amended.

To the extent that payments to the two charities exceeded the currently distributable income of the trust, they represent income accumulated during the years 1934 to 1940 which could not be distributed during those years due to pending litigation against the trust estate. This income was required, by the terms of the journal entry of the Court of Appeals of Cuyahoga County, to be paid to the two charities, being "income received at any time by the Trustees."

The fiduciary return on Form 1041 for 1941 was filed on the cash receipts and disbursements basis.

The respondent determined that the petitioners had a taxable net income for 1941 in the amount of $860.25. His computation is as follows:

ADJUSTMENT TO NET INCOME

Taxable Year Ended December 31, 1941

| | | |
|---|---:|---:|
| Net loss as disclosed by return | | $60,580.49 |
| Unallowable deductions and additional income: | | |
|    (a) Taxes | $4,234.89 | |
|    (b) Other deductions | 168,890.52 | |
| | | 173,125.41 |
| Total | | $112,544.92 |
| Nontaxable income and additional deductions: | | |
|    (c) Amount distributable to beneficiaries | | 111,684.67 |
| Net income taxable to fiduciary | | $860.25 |

The deficiency of $76.03 in tax was determined upon the net income of $860.25.

It is the respondent's contention that the fiduciary is taxable upon any capital gain realized, regardless of what disposition was made of it; that the general rule is "that in determining whether realized capital gains are part of corpus or income, the Court must be guided by reference to state law and the terms of the will," citing *Estate of Henry H. Rogers*, 1 T. C. 629; *Anna M. Chambers et al., Trustees*, 33 B. T. A. 1125, and that, "With respect to the State of Ohio, the statutes seem to be silent upon the question as to whether capital gains shall be considered income or should be considered as corpus." He further submits that it appears inescapable that the $860.25 capital gain here in question "was not properly paid to the charitable and educational institutions in question."

Section 162 (a) of the Internal Revenue Code provides in part as follows:

SEC. 162.  NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

(a) There shall be allowed as a deduction * * * any part of the gross income, without limitation, which pursuant to the terms of the will * * * is during the taxable year paid * * * exclusively for religious, charitable, scientific, literary, or educational purposes, * * *

In this proceeding the petitioners claim only the right to deduct from gross income the amounts they actually paid to the admittedly charitable and educational institutions. They do not claim the right to deduct any sums added to the principal of the trust, whether resulting from capital gains or otherwise.

The facts show that all of the payments to charities in 1941 were made either from currently distributable income or from income accumulated by the trustees while the trust was in litigation. It is not claimed by the respondent that any part of the payments made to charities in 1941 was made from corpus. In fact, such a payment from corpus would be a clear violation of the terms of the will.

The case of *Old Colony Trust Co.* v. *Commissioner*, 301 U. S. 379 (reversing C. C. A., 1st Cir., 87 Fed. (2d) 131, which affirmed a decision of the Board of Tax Appeals, 33 B. T. A. 311), involved virtually identical facts. That case involved a trust in which payments were actually made to charity from current and accumulated income. The Court observed:

Section 23 (n) limits deductible contributions to 15 per cent. of net income. Section 162 (a) permits them to the full extent of gross income. This language should be construed with the view of carrying out the purpose of Congress— evidently the encouragement of donations by trust estates. There are no words limiting these to something actually paid from the year's income. And so to interpret the Act could seriously interfere with the beneficent purpose. One

creating a trust might be unwilling to bind it absolutely to pay something to charity but would authorize his trustee so to do after considering then existing circumstances.

Quite clearly the gross income of the trust for 1941 included a capital gain of $860.25. If this amount was actually paid over to charities in 1941 it was a legal deduction from gross income. An amount was paid to charities by the trustees in 1941 much greater than the entire net income of the trust. If it had not been paid to charities in 1941 it would, nevertheless, have been receivable by them upon the final termination of the trust. The trust was continued in existence beyond the taxable year merely for the purpose of paying certain annuities which the court held were payable out of corpus, under the terms of the will of Marion C. Tyler. In our opinion the opinion of the Court in *Old Colony Trust Co.* v. *Commissioner, supra,* is dispositive of the question presented and requires us to hold that the trust had no taxable income for 1941.

*Decision of no deficiency will be entered.*