Elizabeth G. **WILLIAMS**, etc., **Plaintiff,**

v.

**UNITED STATES of America,**
Defendant.

No. 35699.

United States District Court
N. D. California, S. D.

March 28, 1957.

Martin Minney, Jr., Robert C. Harris, Charles A. Wood, Jr., Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., Lynn J. Gillard, Asst. U. S. Atty., San Francisco, Cal., for defendant.

GOODMAN, District Judge.

This is an action for the refund of income taxes allegedly erroneously assessed and collected from the Estate of Preston L. Lykins of which plaintiff is the executrix. The cause has been submitted upon stipulated facts. The sole issue is whether or not the estate is entitled, under the provisions of Section 162(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 162(a) to deduct from its gross income for 1951 certain income which was ultimately destined to be received by charitable organizations.

On December 21, 1950, Preston Lykins and his wife Mary T. Lykins executed reciprocal wills. Preston's will gave his entire estate to Mary and provided that, in the event she predeceased him, certain designated beneficiaries should receive specific bequests and devises and the remainder of his property should be held in trust for the benefit of certain charitable organizations. Mary's will gave her entire estate to Preston and contained the same provisions for specific bequests and devises and a residual charitable trust, to be operative in the event he predeceased her. Both wills provided that no legatee or devisee should be entitled to interest or income during the period of administration.

Preston Lykins died on January 8, 1951. His wife, Mary, died nine months later on September 18, 1951, while his estate was still in probate. Under the terms of Preston's will, his entire estate went to Mary. The charitable provisions

of his will did not become operative. Upon Mary's death, the right to receive all of the property of Preston's estate became vested in her estate. Since her will provided that none of the income from her estate during the period of administration should accrue to any devisee or legatee, such of the income received during that period as was not expended to pay taxes and the cost of administration ultimately would go to the residual charitable trust. Thus, plaintiff contends that upon Mary's death, all of the future income of Preston's estate became irrevocably committed to the charitable trust established by Mary's will, and, under the provisions of Section 162(a) of the Internal Revenue Code of 1939, was not taxable income. She urges that the Commissioner erred in disallowing a deduction from the gross estate income for 1951 of the income received after September 18, 1951, the date of Mary's death.

Section 162(a) of the Internal Revenue Code of 1939 provided that:

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

"(a) Subject to the provisions of subsection (g), there shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 23(o)) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23(o) or is to be used exclusively for religious, charitable, scientific, literary, or educa-tional purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance or operations of a public cemetery not operated for profit."

The language of Section 162 (a) conditions the charitable deduction upon the commitment of income to charitable purposes by the will of the decedent. It is not necessary that the will definitely direct the charitable contributions claimed as deductions if the contributions are actually made during the taxable years as a consequence of discretionary authority granted by the will. Old Colony Trust Co. v. Commissioner, 1937, 301 U.S. 379, 57 S.Ct. 813, 81 L.Ed. 1169.[1] But, the statute plainly contemplates that the contribution must be the result of a charitable intent expressed in the will.

Plaintiff cites no authority supporting her position that the deduction is allowable even though the commitment of the income to charitable purposes during the taxable year results from circumstances entirely extraneous to the decedent's will. Plaintiff urges that the purpose of the statute is to encourage gifts for charitable purposes, Old Colony Trust Co. v. Commissioner, supra, and that the certainty that income will eventually go to the charity is, in itself, sufficient to justify the statutory deduction. But here the commitment of the income from Preston's estate to charity did not result from any statutory encouragement given him to make a charitable bequest. He willed his entire estate to his wife. The allowance of the claimed deduction would not be in furtherance of the statutory purpose.

Judgment will enter for defendant upon Findings presented pursuant to the Rules.

1. This case was decided in reference to Section 162(2) of the Revenue Act of 1928, 45 Stat. 838, but its language is identical to the language of Section 162 (a) of the Internal Revenue Code of 1939.