[Civ. No. 9335.   Third Dist.   June 18, 1958.]

THE PEOPLE, Respondent, v. LEWIS F. MARQUIS et al., Appellants.

386

[redacted]

John R. Heath, Downey, Brand, Seymour & Rohwer and John F. Downey for Appellants.

Edmund G. Brown, Attorney General, James E. Sabine and Irving H. Perluss, Assistant Attorneys General, and Edward P. Hollingshead, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—This is an appeal from (1) a money judgment rendered in favor of plaintiff in an action brought to recover part of a refund allowed on the tax paid on the income of the estate of Harriet Heath for the taxable year ending May 31, 1949, and, (2) from a judgment that defendants take nothing by their cross-complaint.

Mrs. Heath died on December 2, 1947, leaving an estate valued in excess of $2,300,000. Her husband died on September 11, 1948, leaving an estate valued in excess of $1,780,000. At the time of Mrs. Heath's death her total indebtedness was $32,345.39 and the specific bequests made by her last will and codicil thereto aggregated $42,500, all of which were paid prior to July 3, 1948. At the time of Mr. Heath's death his total debts amounted to $41,912.33 and the aggregate amount of the specific bequests made by his last will and codicil was $191,000. Charitable corporations were the residuary legatees under his will.

The net income of Mrs. Heath's estate during the year June 1, 1948, to May 31, 1949, was $246,391.09, none of which was required for the payment of taxes, debts, bequests, or the expenses of administration. Consequently, it became a part of the residue of Mrs. Heath's estate and, in accordance with the terms of her will, 1/6th thereof was distributed to a charitable corporation and the balance to the estate of her deceased husband from whence it was distributed to two charitable corporations. The executors of the estate of Mrs. Heath re-

ported this income and paid a tax thereon to the state in the amount of $13,693.43. Thereafter they made a claim for a refund of the total amount of the tax paid on the ground that all of the income was ultimately distributed to charitable corporations and was, therefore, exempt from taxation under the provisions of section 18132 of the Revenue and Taxation Code. A refund of the amount of the tax paid on the income distributed to the estate of Mrs. Heath's husband was denied, but $3,108.31 of the claim was allowed as the amount of the tax paid on that part of the income distributed to the charitable corporation, together with interest thereon. However, upon recalculation, the respondent board determined that the allowable refund was only $2,278.60, and the present action was brought to recover the excess of $829.71 which had been refunded. By way of counterclaim and cross-complaint appellant sought to recover $11,229.55, being the amount of the tax paid on that part of the income of Mrs. Heath's estate which was paid to the estate of her husband and which became a part of his $1,190,000 residual estate which, pursuant to his testamentary disposition, was distributed to charitable corporations. The trial court found that the income so distributed to the charitable corporations had not been paid to them or permanently set aside for charitable purposes "pursuant to the terms" of Mrs. Heath's will and, therefore, was not deductible under the former provisions of section 18132 of the Revenue and Taxation Code, which then read:

"There shall be allowed as a deduction (in lieu of the deduction for contributions authorized by Section 17315 and Section 17383) in computing the net income of the estate or trust, any part of the gross income, without limitation, which *pursuant to the terms of the will or deed creating the trust is during the taxable year* paid or permanently set aside for the purposes and in the manner specified in those sections *or is to be used exclusively for* religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance, or operation of a public cemetery not operated for profit." (Emphasis ours.)

Appellant argues that since, under the facts of this case, the income of Mrs. Heath's estate was, prior to the end of the taxable year, irrevocably committed to charity, the statutory deduction was allowable. The fallacy in this argument lies in the fact that the commitment was not "pursuant to the terms" of Mrs. Heath's will but "pursuant to the terms"

of Mr. Heath's will. Under the terms of Mrs. Heath's will her executors were enjoined to pay 5/6ths of her residuary estate, which included the income in controversy, to her husband. They were neither directed nor vested with discretion to divert it to charitable purposes as were the trustees in *Old Colony T. Co.* v. *Commissioner of Int. Rev.*, 301 U.S. 379 [57 S.Ct. 813, 81 L.Ed. 1169, 1173]. To paraphrase the language in *Bowers* v. *Slocum* (C.C.A.-2, 1927), 20 F.2d 350, 352, one of the cases upon which appellant relies, the pivotal question is whether the income of the estate of Mrs. Heath was permanently set aside for charitable purposes by her will. Appellant's arguments that it was have been refuted by the decision in *Williams* v. *United States* (D.C. Cal., 1957), 158 F. Supp. 227, affirmed (C.C.-9, 1958), 251 F.2d 847, which is factually indistinguishable from the present case. There the husband died January 8, 1951, and his surviving wife died September 18, 1951. By the terms of their reciprocal wills, each was given the entire estate of the other, but the remainder of the estate of whichever spouse survived was left in trust for the benefit of charitable corporations. The executor of the estate of the predeceased husband brought action for a refund of the tax paid on income of his estate which was paid into the wife's estate and from that estate was distributed in trust for charitable purposes. It was contended that upon the death of the surviving wife all the future income of the husband's estate became irrevocably committed to the charitable trust established by the wife's will and, therefore, was not taxable income of the husband's estate under the applicable federal statute which was the counterpart of section 18132 of the Revenue and Taxation Code. Recovery of the claimed refund was denied, the court holding that:

"The language of Section 162(a) conditions the charitable deduction upon the commitment of income to charitable purposes by the will of the decedent. It is not necessary that the will definitely direct the charitable contributions claimed as deductions if the contributions are actually made during the taxable years as a consequence of discretionary authority granted by the will. *Old Colony Trust Co.* v. *Commissioner*, 1937, 301 U.S. 379 [57 S.Ct. 813, 81 L.Ed. 1169]. But, the statute plainly contemplates that the charitable contribution must be the result of a charitable intent expressed in the will.

"Plaintiff cites no authority supporting her position that the deduction is allowable even though the commitment of the income to charitable purposes during the taxable year results

from circumstances entirely extraneous to the decedent's will. Plaintiff urges that the purpose of the statute is to encourage gifts for charitable purposes, *Old Colony Trust Co. v. Commissioner, supra,* and that the certainty that income will eventually go to the charity is, in itself, sufficient to justify the statutory deduction. But here the commitment of the income from Preston's estate to charity did not result from any statutory encouragement given him to make a charitable bequest. He willed his entire estate to his wife. The allowance of the claimed deduction would not be in furtherance of the statutory purpose.''

So herein, Mrs. Heath's will did not set aside the income to charitable purposes nor were her executors authorized to divert it thereto. Under the terms of her will the income in question was payable to her surviving husband and was in fact paid to his estate. The charitable corporations became the recipients of the income from Mrs. Heath's estate not because of her charitable bequest nor ''pursuant to the terms'' of her will, but because of the fortuitous circumstance that the charitable corporations were the residuary legatees under the will of Mr. Heath, who survived his wife and whose residuary estate included the income from his wife's estate.

█ We have considered, but are not persuaded by, appellant's argument that the statute, properly construed, provides an alternative right to deduction independent of the terms of the will or deed creating the trust.

The contention is that the clause ''or is to be used exclusively for . . . charitable . . . purposes,'' being stated in the alternative, affords a ground for deduction quite apart from the terms of the will or deed creating the trust; that if, as in this case, a situation arises whereby the income will be used exclusively for charity, the deduction is authorized. We do not agree and read the statute as requiring that the dedication of the fund to charity must in all cases derive from the will or deed. As we read the statute, the deduction is not allowable unless by ''the terms of the will or deed'' the income is to be used for charity.

The judgment is affirmed.

Peek, J., and Warne, J. pro tem.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 13, 1958.

---

*Assigned by Chairman of Judicial Council.