JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.

Lewis F. MARQUIS, as Executor of the Estate of Harriet Allen Heath, Deceased,

v.

UNITED STATES.

No. 306-55.

United States Court of Claims.

Decided June 3, 1959.

John R. Heath, Chicago, Ill., for plaintiff. Pritchard Heath, Montgomery & Pennington, Chicago, Ill., were on the briefs.

Jerome S. Hertz, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. James P. Garland and Lyle M. Turner, Washington, D. C., were on the brief.

MADDEN, Judge.

This is a suit by the executor of the estate of Harriet Allen Heath, deceased, for the recovery of income taxes in the amount of $64,096.78, with interest, paid by the estate for the fiscal year June 1, 1948, to May 31, 1949. The facts have been stipulated. The theory of the suit is that the income which was taxed to the estate should not have been taxed, because it was, at the time it was taxed, "permanently set aside" for charitable purposes.

The decedent died on December 2, 1947. By her will approximately one-sixth of her large estate was given to the Allen Memorial Foundation, a charitable corporation. The balance of her property was given to her husband, John E. S. Heath, who survived her. Her debts were relatively small, and they and the legacies and the expenses of administration were promptly paid. During the fiscal year here in question the executors received gross income of some $245,000 from the property of the estate.

John E. S. Heath died on September 11, 1948. By his will he left his entire residuary estate, which included the property which he had received under his wife's will, and the income which had been received and which would be received from that property, to two charitable corporations. The net amount paid to the charities, under John Heath's will, after deducting the general, specific and pecuniary legacies, expenses of administration, and Federal and State taxes, was somewhat more than $1,190,000.

As we have said, the instant case relates to the income tax on the income earned by the estate of Harriet Heath. The plaintiff urges, in effect, that because Harriet's estate, and the income thereof, had been given to John, and John had died and devised the assets which Harriet had given him, to charity, and it was certain, at the end of the taxable year here in question, that the income collected by Harriet's estate and delivered over to John's estate, was going to charity, that income was nontaxable to the estate of Harriet because it was "permanently set aside" for charitable purposes.

Section 162(a) of the Internal Revenue Code of 1939, 26 U.S.C. (1952 ed.) §

162(a), provides in the part here pertinent:

"*Net Income.* The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

"(a) * * * (g), There shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 23(o)) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23(o), or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance or operation of a public cemetery not operated for profit; * * *."

The difficulty in the plaintiff's position is in making the instant factual situation satisfy the words, "pursuant to the terms of the will or deed creating the trust", in section 162(a). The will creating the trust was the will of Harriet Heath. As to the income here in question, or the property which produced that income, Harriet's will expressed no intimation whatever in the direction of charity. She gave the property, outright, to her husband John. He could have spent it, given it *inter vivos* to any person he chose, or devised it to individuals or to noncharitable or charitable entities as he chose. Whatever he did with it was not "pursuant to the terms of" Harriet's will. It was "pursuant to" the fact that he was the absolute owner of the property and, as such, could do as he pleased with it.

The plaintiff cites Old Colony Trust Company v. Commissioner, 301 U.S. 379,

57 S.Ct. 813, 81 L.Ed. 1169. In that case the deed of trust directed the trustees to pay certain sums to certain life annuitants and then authorized the trustees to distribute additional sums to charity whenever, in the judgment of the trustees, that could be done without jeopardizing the annuities. During the tax year in question the trustees made distributions to charity from the income of the trust. The Court held the distributions to charity deductible from income, in arriving at the amount of the taxable income. At pages 383 to 384 of 301 U.S., at page 815 of 57 S.Ct., the Court said:

" 'Pursuant to' is defined as 'acting or done in consequence or in prosecution (of anything); hence, agreeable; conformable; following; according.'

"The words of the statute are plain and should be accorded their usual significance in the absence of some dominant reason to the contrary. We find nothing in the regulations or practice of the Treasury Department or in the general purpose of the statute which requires the narrow meaning advocated by respondent. * * *

"The questioned donations were made by the petitioners in pursuance of the trust deed."

In the Old Colony case the creator of the trust authorized the trustees to make gifts to charity, and they made such gifts. In the instant case Harriet Heath did not direct, authorize, or even suggest that her husband give the property, which she had devised to him, to charity.

The plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and LITTLETON (Retired), LARAMORE and WHITAKER, Judges, concur.