MaddeN, Judge,
delivered the opinion of the court:
This is a suit by the executor of the estate of Harriet Allen Heath, deceased, for the recovery of income taxes in the amount of $64,096.78, with interest, paid by the estate for the fiscal year June 1, 1948, to May 31, 1949. The facts have been stipulated. The theory of the suit is that the income which was taxed to the estate should not have been taxed, because it was, at the time it was taxed, “permanently set aside” for charitable purposes.
The decedent died on December 2, 1947. By her will approximately one-sixth of her large estate was given to the Allen Memorial Foundation, a charitable corporation. The balance of her property was given to her husband, John E. S. Heath, who survived her. Her debts were relatively small, and they and the legacies and the expenses of administration were promptly paid. During the fiscal year here in question the executors received gross income of some $245,000 from the property of the estate.
John E. S. Heath died on September 11, 1948. By his will he left his entire residuary estate, which included the property which he had received under his wife’s will, and the income which had been received and which would be received from that property, to two charitable corporations. *245 The net amount paid to the charities, under John Heath’s will, after deducting the general, specific and pecuniary legacies, expenses of administration, and Federal and State taxes, was somewhat more than $1,190,000.
As we have said, the instant case relates to the income tax on the income earned by the estate of Harriet Heath. The plaintiff urges, in effect, that because Harriet’s estate, and the income thereof, had been given to John, and John had died and devised the assets which Harriet had given him, to charity, and it was certain, at the end of the taxable year here in question, that the income collected by Harriet’s estate and delivered over to John’s estate, was going to charity, that income was nontaxable to the estate of Harriet because it was “permanently set aside” for charitable purposes.
Section 162(a) of the Internal Revenue Code of 1939, 26 U.S.C. (1952 ed.) § 162(a), provides, in the part here pertinent:
Net Income. The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—
(a) There shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 28 (o)) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23 (o), or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance or operation of a public cemetery not operated for profit; * * *
The difficulty in the plaintiff’s position is in making the instant factual situation satisfy the words, “pursuant to the terms of the will or deed creating the trust”, in section 162(a). The will creating the trust was the will of Harriet Heath. As to the income here in question, or the property which produced that income, Harriet’s will expressed no intimation whatever in the direction of charity. She gave the property, outright, to her husband John. He could have spent it, given it inter vivos to any person he chose, or de *246 vised it to individuals or to noncharitable or charitable entities as be chose. Whatever he did with it was not “pursuant to the terms of” Harriet’s will. It was “pursuant to” the fact that he was the absolute owner of the property and, as such, could do as he pleased with it.
The plaintiff cites Old Colony Trust Company v. Commissioner, 301 U.S. 379. In that case the deed of trust directed the trustees to pay certain sums to certain life annuitants and then authorized the trustees to distribute additional sums to charity whenever, in the judgment of the trustees, that could be done without jeopardizing the annuities. During the tax year in question the trustees made distributions to charity from the income of the trust. The Court held the distributions to charity deductible from income, in arriving at the amount of the taxable income. At pages 383 to 384 the Court said:
“Pursuant to” is defined as “acting or done in consequence or in prosecution (of anything) ; hence, agreeable ; conformable; following; according.”
The words of the statute are plain and should be accorded their usual significance in the absence of some dominant reason to the contrary. We find nothing in the regulations or practice of the Treasury Department or in the general purpose of the statute which requires the narrow meaning advocated by respondent. * * *
The questioned donations were made by the petitioners in pursuance of the trust deed.
In the Old Colony case the creator of the trust authorized the trustees to make gifts to charity, and they made such gifts. In the instant case Harriet Heath did not direct, authorize, or even suggest that her husband give the property, which she had devised to him, to charity.
The plaintiff’s petition will be dismissed.
It is so ordered.
LittletoN, Judge {Bet.); Laramore, Judge; Whitaker, Judge, and Jones, Chief Judge, concur.
BINDINGS OE PACT
The court makes findings of fact, based upon the stipulation of the parties, and the briefs and argument of counsel, as follows:
*247 1. Harriet Allen Heath, who resided at 2035 Fremont Avenue, South Pasadena, in Los Angeles County, California, died on December 2,1947. She left a Last Will and Testament which was dated January 14,1943, and a Codicil thereto dated July 22, 1947. By the second paragraph of her said Will, the testatrix provided as follows:
I do hereby will and bequeath to my dear husband, J. E. S. HEATH, if he survives me, one-half of all my estate, both real and personal, to be distributed to him before any other legacies are paid.
By the third, fourth, fifth and sixth paragraphs of her Will and by the FOURTH paragraph of her Codicil, the testatrix made certain general pecuniary bequests to friends and relatives. By the seventh paragraph of her Will, she made a general bequest which was revoked by the SECOND paragraph of the Codicil. By the eighth paragraph of her Will, she provided as follows:
I devise and bequeath the rest and residue of my estate to my husband, J. E. S. HEATH, should he survive me.
By the THIRD paragraph of her Codicil, she made a specific bequest of tangible personal property to her husband. By the SEVENTH paragraph of the Codicil, the testatrix provided, in part, as follows:
SEVENTH: I revoke and cancel that paragraph of my Last Will and Testament which reads as follows:
“I devise and bequeath the rest and residue of my estate to my husband, J. E. S. HEATH, should he survive me.”
Jfc # ❖ ‡ #
In lieu and in place of such devises and bequests above quoted and hereby revoked and cancelled I provide and direct as follows:
A. In the event my dear husband JOHN E. S. HEATH shall survive me I give, bequeath, and devise to him two-thirds (%) of all the rest, residue, and remainder of my estate, real, personal, or mixed, of whatsoever nature and wheresoever situated, including any property over which I may have any power of appointment, remaining after the payment of the general legacies and devises to him, to my grandnieces MARY LOUISE ALLEN (now MARY LOUISE RENCHER) and ALICE CATHERINE ALLEN, to *248 Miss SOPHIE PETEES, and to SHIZUO WATA-NABE, contained in my Last Will and Testament, which said' general legacies and devises I hereby ratify and confirm, and I give, devise, and bequeath the remaining one-third (%) of said rest, residue, and remainder of my estate to ALLEN MEMOEIAL FOUNDATION, a California nonprofit corporation having its principal office for the transaction of business at 2035 Fremont Avenue, South Pasadena, California, to be utilized for its general corporate purposes.”
2. On January 23, 1948, the said Will and Codicil of said Harriet Allen Heath, deceased, were admitted to probate by the Superior Court of Los Angeles County, California, and on January 26, 1948, letters testamentary thereon were issued to her surviving husband, John E. S. Heath, as Executor of said Will and' Codicil. The said Executor served in such capacity until September 11,1948, upon which date he died. On October 27, 1948, the Superior Court of Los Angeles County entered an order appointing Lewis F. Marquis and John E. Heath as successor Co-Executors of the Last Will and Testament and Codicil thereto of Harriet Allen Heath, who served as such successor Co-Executors until March 1, 1954, on which date John E. Heath resigned as Co-Executor and Lewis F. Marquis was appointed as sole Executor of the Estate of Harriet Allen Heath and is still acting in that capacity.
3. Upon his death, the said John E. S. Heath left a Last Will and Testament dated December 30, 1947, and a Codicil thereto dated April 14, 1948. The Will and Codicil were admitted to probate by the Superior Court of Los Angeles County, California, on October 25, 1948. By paragraphs THIED, FOUETH, SIXTH, SEVENTH and EIGHTH of his Will, the testator made certain general pecuniary bequests to relatives and friends. By paragraph FIFTH thereof, he made a specific bequest of certain tangible personal property. By paragraph NINTH thereof, the testator provided, in part, as follows:
NINTH: All the rest and residue of my estate, real, personal, or mixed, of whatsoever nature and wheresoever situated, including any property over which I may have any power of appointment, remaining after the payment of the bequests hereinabove provided for and *249 after the payment of all my debts, funeral expenses, expenses of last illness, expenses of administration, and all estate and inheritance taxes, or any other succession taxes, by whatever jurisdiction assessed or levied, I give, devise, and bequeath to ALLEN MEMORIAL FOUNDATION, a California nonprofit corporation, and ALLEN MEMORIAL HOSPITAL CORPORATION, an Iowa nonprofit corporation, in equal shares.
On October 27,1948, letters testamentary thereon were issued to Lewis F. Marquis and John R. Heath, as Co-Executors of the Estate of John E. S. Heath. They served as Executors of the Will and Codicil of said John E. S. Heath until May 11,1954, on which date John R. Heath resigned as Co-Executor and Lewis F. Marquis was appointed as sole Executor and he is still acting as such.
4. The Allen Memorial Foundation is a California nonprofit corporation. It was chartered under the provisions of Article I of the California Nonprofit Corporations Law on July 25, 1947, and at all times during the years 1948 and 1949, it was a charitable corporation within the meaning of Sections 101 (6) and 23 (o) (2) of the Internal Revenue Code of 1939, its status having been recognized by Treasury ruling dated November 15, 1948. The Allen Memorial Hospital Corporation is a not-for-profit corporation existing under and by virtue of the laws of the State of Iowa. At all times during the calendar years 1948 and 1949, it was a charitable corporation of the type specified in Sections 101(6) and 23 (o) (2) of the Internal Revenue Code of 1939, its status having been recognized by Treasury ruling dated June 21,1941. It maintains and operates a hospital at Waterloo, Iowa.
5. (a) The Executors of the Last Will and Testament of Harriet Allen Heath and the Codicil thereto made the following distributions on the following dates: Mary Louise Rencher, $10,000, April 10, 1948; Alice Catherine Allen, $10,000, April 10, 1948; Sophie Peters, $5,000, July 2, 1948; Mrs. Shizuo Watanabe, $10,000, July 2, 1948; Emma W. Allen, $7,500, April 10, 1948; Executors under the Will of John E. S. Heath, deceased, all tangible personal property of Harriet Allen Heath under Article THIRD of the Codicil to her Last Will and Testament (in kind), May 27, 1949, *250 The said distributions were made pursuant to an order of Court dated May 13, 1949.
(b) The total value of the property owned by Harriet Allen Heath at the date of her death as accepted for Federal Estate Tax purposes was in excess of $2,300,000.00. Of that amount $698,000.00 consisted of personal property of which more than $600,000.00 was in the form of United States of America Treasury or Savings Bonds and cash on deposit to the credit of the decedent with the Security First National Bank of Los Angeles.
(c) The total amount of the decedent’s indebtedness at the time of her death was $32,345.39.
(d) During the fiscal year ended May 31,1949, the Executors of the decedent’s estate received gross income, as reported for Federal Income Tax purposes, of $246,748.20, of which they utilized $67,408.71 for the payment of deductible expenses of Administration.
(e) On May 25, 1949, the Superior Court approved the first account of the successor Executors of the estate of Harriet Allen Heath. That account recited in part that after deducting the credits to which the Executors were entitled, the estate had a balance of assets in the total amount of $1,624,641.50, of which $178,191.30 was cash income belonging to the said estate. On May 26,1949, an order was entered by said court which approved distribution of $35,250.00 to the Executors as fees or commissions and $17,250.00 to the attorneys for the estate for extraordinary services rendered.
(f) On September 26, 1949, an order was entered by the Probate Court settling the second account filed by the Executors of the estate of Harriet Allen Heath which order recited in part that after deducting the credits to which the Executors were entitled, the estate had property of the total value of $1,623,206.79, of which $93,314.44 was cash principal and of which $182,980.18 was cash income. The said account allowed extraordinary commissions to the Co-Executors of $13,975.00 and attorneys’ fees of $3,050.00. In addition, the said account recited that there was thereby “distributed at this time, to Lewis F. Marquis and John E. Heath, co-executors of the estate of John E. S. Heath, deceased, for the pur *251 pose of administration, therein, the sum of $166,000 in cash
(g) On November 20, 1950, an order approving the third account filed by the Executors of the estate of Harriet Allen Heath was entered. The said order recited in part that after deducting the credits to which the Executors were entitled, the estate had property of a total value of $1,511,057.36, which consisted of cash in the amount of $606,375.57 and other assets valued at $904,681.79, including real estate. The said order allowed extraordinary commissions in the amount of $65,647.74 and attorney’s fees in the amount of $19,225.00. It further recited that the Executors had already advanced to the estate of John E. S. Heath on account of the partial distribution to be allowed therein the sum of $70,000.00. The order further recited that there was then distributable money and property in the amount of $500.00 to Mrs. Shizuo Watanabe and $400,000.00 (less an advance of $70,000.00) to the estate of John E. S. Heath.
(h) Subsequently, on various dates, the Executors of Mrs. Heath’s estate paid over, conveyed, distributed and transferred to the Executors of Mr. Heath’s estate all money or other property distributable to his estate under the terms of her Will and Codicil, including that referred to in subpara-graph (g) above. Such payments and distributions were reported in their fourth, fifth and sixth accounts current, all of which were duly approved by orders of the said Superior Court, and in their seventh and final account, which was approved by order of said Court entered on February 11,1954, whereby final distribution was ordered and decreed.
(i) The tangible personal property owned by Mrs. Heath at the time of her death was itemized by her Executors in their inventory and was delivered to Mr. Heath in kind, as stated in subparagraph (a) above. The cash bequests made by paragraphs THIRD, FOURTH, FIFTH and SIXTH of her Will and paragraph FOURTH of her Codicil were paid by her Executor out of general cash assets in his hands on the dates of payment. All the remainder of the assets and income of her estate was treated and accounted for by her Executors at all times during administration, as being payable and distributable (after payment of debts, taxes *252 and expenses of administration) to Allen Memorial Foundation and the Executors of tbe estate of John E. S. Heath in the proportions provided in her Will and Codicil, without particular segregation until the dates of actual payment and distribution.
6. (a) The total value of the property owned by John E. S. Heath at the date of his death, as accepted for Federal Estate Tax purposes, was in excess of $1,780,000.00. The total amount of the decedent’s indebtedness at the time of his death was $41,912.33 which, together with funeral and administration expenses, amounted to a total of $184,346.82.
(b) The net amount of principal payable to the Allen Memorial Foundation and the Allen Memorial Hospital Corporation, the residuary charitable legatees, was in excess of $1,190,000.00 after due allowance for general, specific and pecuniary legacies and for Federal and state taxes.
(c) The time within which a will contest might have been filed in connection with the Will and Codicil of the said John E. S. Heath, deceased, expired on April 25,1949. No such contest was ever filed.
(d) The Executors of the estate of the said John E. S. Heath first published notice to creditors, as required by Section 700 of the California Probate Code, on November 4, 1948. An affidavit of proof of publication was filed in the Superior Court of Los Angeles County on November 26, 1948. The time within which claims of creditors might be filed against said estate expired on May 4, 1949. The total amount of such claims so filed was $37,337.28. The estate of John E. S. Heath, deceased, has likewise been administered. The final account of the Co-Executors has been filed and approved, and on March 29, 1954, the Court entered a decree of final distribution.
(e) In setting up and maintaining their ledger accounts, in the inventories and reports which they filed in the Superior Court and in the California Inheritance Tax and Federal Estate Tax returns which they filed, the Executors of Mr. Heath’s estate particularly identified and itemized all cash or other property received from Mrs. Heath’s estate as having been derived from that source, or in the alternative identified and described the same as an “expectancy” in her estate. All *253 distributions of income from her estate were likewise identified and itemized in such records, inventories, reports and returns as having been derived from such source. Except as stated above, the Executors of Mr. Heath’s estate made no other segregation of the assets or income derived from Mrs. Heath’s estate from the other assets of which Mr. Heath died seized or possessed, nor did they treat such assets, for probate purposes, in any way differently from the general assets of his estate.
7. John E. S. Heath, as Executor of his wife’s Will and Codicil, adopted a fiscal year for income tax purposes ending May 31 and filed an income tax return for the period beginning December 2, 1947, and terminating May 31, 1948. During the fiscal year June 1, 1948, to May 31, 1949, said John E. S. Heath, as Executor of the Estate of Harriet Allen Heath, and Lewis F. Marquis and John E. Heath, as successor Co-Executors of said estate, received income which the successor Co-Executors reported in a return filed by them with the Collector of Internal Eevenue at Los Angeles, California on August 12,1949. On said last-mentioned date, the said successor Co-Executors paid to the said Collector the sum of $89,052.31 in payment of the tax disclosed by the return. Subsequently, the income tax payable by the successor Co-Executors for said fiscal year was reduced by reason of adjustments in the basis of certain assets which had been sold, and on or about September 17, 1951, the successor Co-Executors received from the Commissioner of Internal Eevenue a refund of income tax for said fiscal year in the amount of $19,130.91 plus statutory interest.
8. On July 29,1952, a claim for refund was filed by Lewis F. Marquis and John E. Heath, as Executors, on behalf of the Estate of Harriet Allen Heath, wherein it was claimed that the entire amount of the net income of said estate for the taxable year ended May 31,1949, should be allowed as a deduction under section 162(a) of the Internal Eevenue Code of 1939 as income permanently set aside or to be used exclusively for charitable purposes within the meaning of said section. Upon review of the claim by the Internal Eevenue Service, it was determined by the Assistant Eegional Commissioner that only that portion of the income of the estate *254 which was allocable to the one-third of the residue bequeathed to the Allen Memorial Foundation in Article SEVENTH, subparagraph A, of the Codicil to the Will of Harriet Allen Heath, was paid or permanently set aside for charitable purposes pursuant to the terms of the Will of the decedent, Harriet Allen Heath, and for that reason said claim for refund was only partially allowed in the amount of $5,824.62, and the balance of said claim for refund, in the amount of $64,096.78, was disallowed. Notice of said dis-allowance was subsequently mailed to the Executors under date of March 9, 1955, by the District Director of Internal Revenue at Los Angeles.
CONCLUSION OP LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes that as a matter of law the plaintiff is not entitled to recover, and his petition is therefore dismissed.